IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

COLIN TEEM,                                          No. 03:11-cv-00005-HZ

                   Plaintiff,              OPINION & ORDER

     v.

POLK COUNTY, OREGON, a municipal
subdivision of the State of Oregon, by and
through the Polk County Sheriff's Office
and deputy SHON LATTY; LINCOLN
COUNTY, OREGON, a municipal
subdivision of the State of Oregon, by and
through the Lincoln County Sheriff's
Office,

                 Defendants.

Paul B. Meadowbrook
Paul B. Meadowbrook, P.C.
913 1ˢᵗ Ave. E.
Albany, OR 97321

1 - OPINION & ORDER

William D. Brandt
William D. Brandt, P.C.
880 Liberty Street NE
Salem, OR 97301

Stephen E. Lovejoy
3132 NE Loop Drive
Otis, OR 97368

       Attorneys for Plaintiff

Jens Schmidt
Pete Simons
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401

       Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Colin Teem moves to enlarge the deadline to amend his complaint, and for leave

to file a Second Amended Complaint. I deny the motions.

## BACKGROUND

       Plaintiff filed this case on January 3, 2011 against Polk County, Lincoln County, Shon

Latty, and Dennis Dotson. As to Polk County and Latty, plaintiff brought a 42 U.S.C. § 1983

(section 1983) claim alleging violations of the Equal Protection Clause and the Fourth

Amendment. Dkt. # 1. He also brought claims of defamation, false light invasion of privacy,

interference with economic relations, false imprisonment, and malicious prosecution against

these defendants. Id. As to Lincoln County and Dotson, plaintiff brought a wrongful termination

claim. Id.

       At the time this case was filed, the Court issued an initial scheduling order. Dkt. # 2.

2 - OPINION & ORDER

With respect to discovery and the deadline for filing pleadings, the Order states that "[u]ntil the Court enters a subsequent scheduling order" these deadlines "will be 120 days from the date of this order." Id. That date is May 3, 2011. On unopposed motion by plaintiff, filed April 20, 2011, the discovery deadline was extended until August 31, 2011 and the Alternate Dispute Resolution (ADR) report and pretrial order (PTO) deadlines were extended until September 30, 2011. On June 30, 2011, on stipulation of the parties, the Court dismissed Dotson as a defendant, as well as the malicious prosecution claim. On August 17, 2011 the Court again allowed an unopposed motion to extend deadlines, extending discovery to November 29, 2011 and making the deadline for the ADR report and PTO due December 12, 2011. Dkt. # 38.

On October 13, 2011, plaintiff filed an unopposed motion to amend his complaint, which the Court granted the same day. The First Amended Complaint added a section 1983 due process claim against Lincoln County based on unconstitutionally vague policies. It also removed Polk County as a defendant for purposes of the Fourth Amendment claim, added a claim for negligence against Polk County, and dropped Latty as a defendant as to the defamation, interference with economic relations, and false imprisonment claims. On October 31, 2011, the Court held a Rule 16 conference, during which the discovery deadline was extended to January 30, 2012. Dispositive motions were required to be filed by February 29, 2012.

On January 25, 2012, plaintiff filed another unopposed motion for extension of deadlines. On February 3, 2012, the Court granted plaintiff's motion in part, extending the discovery deadline to February 29, 2012, and the ADR deadline to March 14, 2012. Dkt. # 60. Additionally, the Court required all dispositive motions to be filed by March 30, 2012, with the PTO due seven days after the court's ruling on dispositive motions. Id.

3 - OPINION & ORDER

On March 26, 2012, plaintiff filed the present Motion to Enlarge the deadline to file amended pleadings. He also moved for leave to file a Second Amended Complaint. The proposed Second Amended Complaint adds a First Amendment association claim against Lincoln County based on a new allegation that Lincoln County employee Dave Carey is a "policy maker." Id. Additionally, it attempts to add, again, Polk County as a defendant to the Fourth Amendment claim, and, as part of that claim, asserts that "policy makers" in Polk County approved of plaintiff's arrest. Id. Also on March 26, 2012, Latty and Polk County moved for summary judgment. Plaintiffs moved for partial summary judgment against Latty and Lincoln County on March 29, 2012. Lincoln County moved for summary judgment on March 30, 2012.

STANDARDS

I.      Motion to Enlarge–Federal Rule of Civil Procedure 16

Generally, courts apply a liberal policy of allowing amendments to pleadings. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, when a court files a pretrial scheduling order establishing the timetable for amending the pleadings, courts "should address the issue under [Rule 16]" if the deadline expires before a party moves to amend. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). When a party files a tardy motion, that party must "satisfy the *more stringent* 'good cause' showing required under Rule 16." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 952 (9th Cir. 2006). The inquiry under the "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking extension." Id. (internal quotation omitted). Thus, if a party "was

4 - OPINION & ORDER

not diligent, the inquiry should end." Id.

II.    Motion to Amend–Federal Rule of Civil Procedure 15

Rule 15(a) provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal citation omitted).  In determining whether to grant a motion to amend, the court should consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and prior amendments to the complaint.  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir. 1996).  Undue delay, by itself, "is insufficient to justify denying a motion to amend."  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).  The timing of the motion to amend following discovery and with a pending summary judgment motion, weighs heavily against allowing leave. Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1991).

## DISCUSSION

I.    Motion to Enlarge

The Court originally ordered that the deadline to amend pleadings was May 3, 2011, "120 days" from the January 3, 2011 filing of the case.  On multiple occasions, the parties requested extensions of the deadlines for discovery, the ADR report, and the PTO.  No party requested an extension of the May 3, 2011 deadline to file or amend pleadings.  As a result, the deadline to amend pleadings remained set for May 3, 2011.  The parties appear to have assumed that the deadline to amend pleadings ran with the discovery deadline, ending on February 29, 2012.  This assumption is erroneous.  These are separate events possessing their own deadlines. Accordingly, the Motion to Enlarge was filed nearly eleven months after the deadline for

5 - OPINION & ORDER

amendment of pleadings.

Even assuming, *arguendo*, that the deadline to amend pleadings ran with the discovery deadline, plaintiff's Motion to Enlarge comes three weeks after the February 29, 2012 deadline. Thus, I must determine whether plaintiff has shown "good cause" in support of his motion under Rule 16, and whether plaintiff was diligent. See Johnson, 975 F.2d at 609 (noting that the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension.") (internal citation omitted).

Plaintiff has not shown "good cause" and was not diligent in the pretrial process. On January 25, 2012, plaintiff told defendants in an email that he wanted to file a Second Amended Complaint. Ex. 1 to Schmidt Decl. (January 25, 2012 email from William Brandt to Jens Schmidt). At the time, the discovery cut off, and under the parties' assumption, the deadline to amend pleadings, was January 30, 2012, meaning plaintiff initiated the mandatory conferral process only five days before the assumed deadline to file amended pleadings. Defendants objected in a letter four business days later, and again in email on February 7, 2012. Id. at Ex. 2 (January 31, 2012 letter from Jens Schmidt to William Brandt); Ex. 3 (February 7, 2012 email from Jens Schmidt to Paul Meadowbrook).

Although the discovery deadline was moved to February 29, 2012, plaintiff still did not confer with defendants about the proposed amendment until March 23, 2012. Id. at Ex. 4 (March 23, 2012 email from Paul Meadowbrook to Jens Schmidt); Ex. 5 (March 23, 2012 email from Paul Meadowbrook to Pete Simmons). Plaintiff further failed to seek an extended deadline for amendment of pleadings during this time. Instead, plaintiff explains that "depositions in multiple federal cases occupying many days and preparing to file and defend summary judgment motions

6 - OPINION & ORDER

in this case" were the cause of delay, and further, that the "delay was an oversight." Pl.'s Reply

Mem. at 2. Plaintiff argues that because "[p]laintiff [is] in good faith, there [is] no prejudice, and

minimal impact on the proceeding, neglect [is] excusable." Id. at 3. Plaintiff's reliance on good

faith and prejudice is misplaced. See Johnson, 975 F.2d at 609 ("[a]lthough the existence or

degree of prejudice to the party opposing the modification might supply additional reasons to

deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

modification."). Moreover, "carelessness is not compatible with a finding of diligence[.]" Id.

Accordingly, plaintiff's oversight and workload demonstrate neither "good cause" nor diligence.

As a consequence, plaintiff's Motion to Enlarge is denied.

II.      Motion to Amend

        Alternatively, even if plaintiff had "good cause" for his late filing under Rule 16, I deny

his Motion to Amend.

        A.      Undue Delay

        Although, as noted above, undue delay by itself "is insufficient to justify denying a

motion to amend[,]" Bowles, 198 F.3d at 758, "it is relevant, especially when no reason is given

for the delay[.]" Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir.

1999). Here, as discussed above, there is no reasonable explanation for plaintiff's delay.

        Additionally, as to the proposed Fourth Amendment claim for false arrest against Polk

County, plaintiff asserted this claim in the original Complaint, then removed it in the First

Amended Complaint. Thus, it is evident that plaintiff previously knew of the availability of a

Fourth Amendment claim against Polk County and the facts underlying and supporting the claim.

Plaintiff provides no explanation of why the claim was asserted, removed, then asserted once

more.[1]

Similarly, plaintiff has long known the facts forming the basis of his proposed First

Amendment claim against Lincoln County. <u>See</u> Ex. 7 to Schmidt Decl. (July 11, 2011 email

from William Brandt to Jens Schmidt describing Carey's motive to discriminate against plaintiff

before plaintiff's First Amended Complaint was filed). Likewise, plaintiff's proposed changes to

the negligence claim allege no facts previously unknown to plaintiff. As a consequence,

plaintiff's proposed amendments–offered nearly fourteen months after the original

Complaint–are the result of undue delay. <u>See</u> <u>Lockheed</u>, 194 F.3d at 986 (affirming a finding of

undue delay where nothing in the proposed amended complaint relied on facts that were

unavailable before a stipulated deadline); <u>see also</u> <u>Chodos v. West Publ'g Co.</u>, 292 F.3d 992,

1003 (9th Cir. 2002) (finding no abuse of discretion where the district court concluded that a

proposed amendment relied on facts that were available to the party before a prior amendment

and thus constituted undue delay).

Finally, allowing leave to amend after the close of discovery with pending summary

judgment motions, and where no new facts are alleged, would unduly delay possible disposition

of the case. <u>M/V Am. Queen v. San Diego Marine Constr. Corp.</u>, 708 F.2d 1483, 1492 (9th Cir.

1983); <u>see also</u> <u>Roberts v. Ariz. Bd. of Regents</u>, 661 F.2d 796, 798 (9th Cir. 1981) (affirming the

district court's denial of amendment where amendment was raised late in the proceedings, after

discovery was virtually complete, and a motion for summary judgment was pending before the

---

[1]The Ninth Circuit also considers the factor of whether the plaintiff has previously amended his complaint in determining the propriety of allowing amendment. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2003). Here, plaintiff has previously amended his complaint to intentionally drop the Fourth Amendment Claim against Polk County. This factor provides an additional reason to deny plaintiff's Motion to Amend.

court.).  Here, discovery closed on February 29, 2012, and there are three summary judgment motions pending.

      B.    Prejudice

Prejudice to the opposing party carries the greatest weight among the factors that courts consider.  Eminence Capital, 316 F.3d at 1052.  A need to reopen discovery, a delay in proceedings, or the addition of new claims are indicators of prejudice.  See, e.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend filed five days before the close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (holding there was no abuse of discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline . . . [and] would have required re-opening discovery, thus delaying the proceedings").

Defendants will suffer prejudice if amendment is permitted at this late stage of these proceedings because plaintiff's new legal theories will require the reopening of discovery and a probable new round of dispositive motions, resulting in a significant delay in resolving this matter.  The proposed amendment as to Polk County adds a municipal liability allegation based on the approval of plaintiff's arrest by county "policy makers."  This is an entirely new legal theory on which no discovery has been conducted and which requires Polk County to undertake an entirely new course of defense.  Although Polk County may not need discovery from plaintiff on the municipal liability allegation, it certainly must, at a minimum, conduct its own investigation and interviews as to the facts and witnesses relevant to the "policy maker" theory.

9 - OPINION & ORDER

See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding no abuse of discretion in denying amendment, noting that new claims greatly altered the nature of the litigation, "at a late hour," and would have required a new defense strategy).

With respect to Lincoln County, the proposed amendment adds a section 1983 First Amendment claim. Although Lincoln County is currently subject to a section 1983 claim, the proposed amendment adds an entirely new section 1983 claim based on completely different facts and a different theory of municipal liability which would require reopening discovery, resulting in a delay in the proceedings and prejudice to Lincoln County. Lockheed Martin, 194 F.3d at 986.

Finally, granting plaintiff's Motion to Amend during the pendency of the summary judgment motions is prejudicial to defendants. See Roberts, 661 F.2d at 798 (affirming a specific finding of prejudice where discovery was virtually complete, and opposing party's summary judgment motion was pending). Because the deadline for filing dispositive motions has passed, defendants will suffer further prejudice by being denied the opportunity to move for summary judgment on the proposed new claims. Therefore, assuming plaintiff had shown "good cause" to enlarge the deadline to amend, plaintiff's Motion to Amend is denied because of both undue delay and prejudice to defendants.

///

///

///

///

///

10 - OPINION & ORDER

CONCLUSION

Plaintiff's Motion to Enlarge and Motion to Amend [67] are denied.

IT IS SO ORDERED.


Dated this  7th     day of June, 2012


                                        /s/ Marco A, Hernandez
                                        MARCO A. HERNANDEZ
                                        United States District Judge

11 - OPINION & ORDER